STEPHEN H. DYE (SBN 104385)
 e-mail: sdye@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
650 California Street, Suite 1900
San Francisco, CA 94108-2736
Telephone: (415) 364-6700
Facsimile: (415) 364-6785

Attorneys for Defendant
AMERICAN ARBITRATION ASSOCIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| CONSUMER ACTION LAW GROUP PC,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN ARBITRATION ASSOCIATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a)(b) OF DEFENDANT AMERICAN ARBITRATION ASSOCIATION, INC.** |

## NOTICE AND PETITION FOR REMOVAL

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE** that, Defendant AMERICAN ARBITRATION ASSOCIATION, INC. ("AAA"), by it counsel SCHNADER HARRISON SEGAL & LEWIS LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) and (b), the state court action styled *Consumer Action Law Group, PC v. American Arbitration Association; and Does 1through 50, inclusive,* Superior Court of the State of California, County of Los Angeles, Case No. 23STCV03600 (the "State Court Action"), to the United States District Court

for the Central District of California. Removal is proper because this Court (1) has original jurisdiction based on diversity of citizenship, (2) the amount in controversy exceeds $75,000, (3) removal is timely and (4) this Court is within the district and division embracing the State Court Action

## I.   REMOVAL IS PROPER

1. On February 22, 2023, Plaintiff CONSUMER ACTION LAW GROUP, PC ("Plaintiff" or "CALG") served upon AAA, through its agent for the service of process (CSC Corporation), a copy of a Summons and Complaint in the State Court Action. See **Exhibit A** annexed hereto (CSC's Notice of Service of Process showing the "Date Served on CSC: 2/22/23").

2. AAA submits herewith, pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon AAA in the State Court Action. Attached as **Exhibit B** are copies of the Summons, Civil Cover Sheet and Addendum, Notice of Case Assignment, and Complaint with exhibits served on February 22, 2023; and attached as **Exhibit C** is a "Notice of *Errata* as to Plaintiff's Complaint," another version of the Complaint without exhibits, Proof of Service and Notice of Related Case which AAA's agent received by mail on February 24, 2023.[1]

3. AAA is incorporated in New York as a not-for-profit corporation having its principal place of business at 120 Broadway, New York, New York 10271, and is, thus, a citizen of New York. Upon information and belief, the sources of which are the Complaint's allegations and publicly available records, Plaintiff is a professional corporation incorporated in the State of Arizona and having places of business in the States of Arizona and California. Attached hereto

---

[1] On February 24, 2023, CSC received by First-Class mail the Notice of *Errata* stating that the Complaint served on February 22, 2023 "was the incorrect version" and "[t]he attached complaint is to be the operative complaint in this action." See **Exhibit C**. See also, **Exhibit A** at CSC's Notice of Service of Process recording that CSC received these document on "2/24/2023."

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

as **Exhibit D** are true copies of pages from the websites of the California Secretary of State and the Arizona Corporation Commission showing Arizona as the State of CALG's incorporation and its places of business in Arizona and California. Thus, CALG is either a citizen of Arizona or both California and Arizona. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . . ").[2]

4. The State Court Action is properly removable on the basis that this Court has original jurisdiction of the State Court Action based on the diversity of citizenship between CALG and AAA. The citizenship of the alleged fictitious "DOE" defendants are properly disregarded in the analysis. *See* 28 U.S.C. § 1441(b)(1) (**Removal based on diversity of citizenship. –** (1) In determining whether a civil action is removable on the basis of the jurisdiction under § 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.") (bold in original).

5. In compliance with 28 U.S.C. § 1332(a), the Complaint herein alleges a matter in controversy [which] exceeds the sum or value of $75,000 exclusive of interests and costs. . . . " *See* **Exhibit C** at substituted Complaint, Prayer for Relief (p. 21) (demanding judgment "(a) For general damages in an amount at least equal to $80,000.00, [and] (b) For incidental and consequential damages according to proof at trial.").

---

[2] CALG's full name, as stated on the California Secretary of State and Arizona Corporation Commission's website, is Consumer Action Law Group of Panzarella & Associates, P.C. *See* **Exhibit D**. CALG's website (http://consumeractionlawgroup.com) further shows that the true name of Plaintiff is "Consumer Action Law Group of Panzarella Associates" and shows that it has offices in Los Angeles, CA and Tucson, AZ. *See* **Exhibit E** attached hereto (a true copy of Plaintiff's webpages). It appears that there is also an inactive Arizona corporation entitled Consumer Action Law Group, PC. *See* **Exhibit F** (Arizona Corporation Commission webpage listing the corporation as "inactive"). In any event, the inactive corporation is a citizen of Arizona which supports diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332 should the inactive corporation be the Plaintiff.

6. Pursuant to 28 U.S.C. § 1446(b), removal is timely in that this Notice and Petition for Removal is filed within 30 days after Plaintiff served AAA's agent with, or AAA otherwise received from Plaintiff, a copy of the Summons and initial Complaint.

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in this Court because the State Court Action is pending within this district and division.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice and Petition for Removal will be filed in the State of California, Superior Court, Los Angeles County, promptly after filing with this Court.

9. Pursuant to U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after filing in this Court.

10. AAA is the only defendant in this lawsuit (other than fictitious defendants) and consents to its filing.

## II. CONCLUSION

The State Court Action may be removed to this Court.

Dated: March 22, 2023

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ *Stephen H. Dye*
STEPHEN H. DYE

Attorneys for Defendant
AMERICAN ARBITRATION ASSOCIATION, INC.

SCHNADER HARRISON SEGAL & LEWIS LLP
650 CALIFORNIA STREET, 19TH FLOOR
SAN FRANCISCO, CA 94108-2736
TELEPHONE: (415) 364-6700
FAX: (415) 364-6785

4　　　　　Case No. _____
NOTICE & PETITION FOR REMOVAL OF DEFENDANT AMERICAN ARBITRATION ASSOCIATION, INC.